UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| JAMES TULGAN,<br>        Plaintiff<br><br>v.<br><br>BERKSHIRE ARMORED CAR SERVICES CO., INC. PROFIT SHARING PLAN, BERKSHIRE ARMORED CAR SERVICES CO., INC., GERARD S. REDER AND JACQUELINE POWERS<br><br>        Defendants | 03 - 30298 - MAP<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

**FILING FEE PAID:**
RECEIPT # 305443
AMOUNT $ 150.00
BY DPTY CLK ____
DATE 12/8/03

## COUNT I

1. The plaintiff James Tulgan ("Mr. Tulgan") resides at 53 Edison Avenue, Pittsfield, Massachusetts.

2. The defendant Berkshire Armored Car Services Co., Inc. Profit Sharing Plan ("Berkshire Profit Sharing Plan") is an employee retirement plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., § 1001 et. seq.

3. The defendant Berkshire Armored Car Services, Inc. ("Berkshire Armored Car") is a Massachusetts corporation with a usual place of business at 343 Pecks Road, Pittsfield, Massachusetts. It is the administrator of the Berkshire Profit Sharing Plan.

4. The defendant Gerard S. Reder ("Mr. Reder") is a trustee of the Berkshire Profit Sharing Plan and resides at 477 Holmes Road, Pittsfield, Massachusetts.

5. Jacqueline Powers ("Ms. Powers") is a trustee of the Berkshire Profit Sharing Plan and resides at 60 Kenwood Street, Pittsfield, Massachusetts.

201403-1                                    1

6. Mr. Tulgan was a fully vested participant in the Berkshire Profit Sharing Plan.

7. Mr. Tulgan made timely demand to be paid his vested benefit from the Berkshire Profit Sharing Plan but the Berkshire Profit Sharing Plan violated its legal duty under ERISA by failing to pay Mr. Tulgan his full vested benefit.

8. On information and belief, Mr. Reder misappropriated by fraud or other illegal means some of the vested benefit due to Mr. Tulgan without Mr. Tulgan's knowledge, permission or assent and has refused to return same to Mr. Tulgan.

WHEREFORE, Mr. Tulgan demands judgment against Berkshire Profit Sharing Plan for all damages, restitution, penalties, attorney's fees, interest, costs and such other equitable and legal relief as the Court deems appropriate.

## COUNT II

9. Mr. Tulgan realleges and incorporates by reference herein the allegations in paragraphs 1 through 8.

10. Mr. Tulgan made timely demand to be paid his vested benefit from the Berkshire Profit Sharing Plan but Berkshire Armored Car violated its legal duties under ERISA by failing to pay or arranging to have Mr. Tulgan paid his full vested benefit.

WHEREFORE, Mr. Tulgan demands judgment against Berkshire Armored Car Service for all damages, restitution, penalties, attorney's fees, interest, costs and such other equitable and legal relief as the Court deems appropriate.

## COUNT III

11. Mr. Tulgan realleges and incorporates by reference herein the allegations in paragraphs 1 through 10.

12. Mr. Tulgan made timely demand to be paid his vested benefit from the Berkshire Profit Sharing Plan but Mr. Reder, as trustee of the Berkshire Profit Sharing Plan, violated his duties under ERISA by failing to pay or arranging for Mr. Tulgan to be paid his full vested benefit.

WHEREFORE, Mr. Tulgan demands judgment against Mr. Reder for all damages, restitution, penalties, attorney's fees, interest, costs and such other equitable and legal relief as the Court deems appropriate.

## COUNT IV

13. Mr. Tulgan realleges and incorporates by reference herein the allegations in Paragraphs through 12.

14. Mr. Reder misappropriated by fraud or other illegal means a portion of the vested benefit due Mr. Tulgan from the Berkshire Profit Sharing Plan and has refused to return same to Mr. Tulgan.

WHEREFORE, Mr. Tulgan demands judgment against Mr. Redcer for all damages, restitution, penalties, attorney's fees, interest, costs and such other equitable and legal relief as the Court deems appropriate.

## COUNT V

15. Mr. Tulgan realleges and incorporates by reference herein the allegations in paragraphs 1 through 14.

16. Mr. Tulgan made timely demand to be paid his vested benefit from the Berkshire Profit Sharing Plan but Ms. Powers, as trustee of the Berkshire Profit Sharing Plan, violated her duties under ERISA by failing to pay or arranging for Mr. Tulgan to be paid his full vested benefit.

WHEREFORE, Mr. Tulgan demands judgment against Ms. Powers for all damages, restitution, penalties, attorney's fees, interest, costs and such other equitable and legal relief as the Court deems appropriate.

THE PLAINTIFF,
By his Attorney,

*[signature]*

Robert L. Leonard, Esquire
Doherty, Wallace, Pillsbury
  &amp; Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144-1900
Phone: (413) 733-3111
Fax:   (413) 734-3910
B.B.O. Number: 294060
