UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30298 - MAP

| | |
|---|---|
| JAMES TULGAN,<br>      Plaintiff<br><br>V<br><br>BERKSHIRE ARMORED CAR,<br>SERVICES CO., INC. PROFIT SHARING<br>PLAN, BERKSHIRE ARMORED CAR<br>SERVICES CO., INC., GERARD S.<br>REDER AND JACQUELINE POWERS,<br>      Defendants | DEFENDANT<br>GERARD S. REDER'S<br>ANSWER,<br>COUNTERCLAIM, AND<br>DEMAND FOR JURY TRIAL |

NOW comes the Defendant, Gerard S. Reder (hereinafter referred to as the "Reder"), in the above entitled matter and submits his Answer, Counterclaim and Demand For Jury Trial To the Complaint of James Tulgan (hereinafter refered to as "Tulgan"):

1. Defendant Reder is without information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant Reder admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant Reder admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant Reder admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant Reder denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant Reder denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant Reder denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant Reder denies the allegations contained in Paragraph 8 of the Complaint.

9. No Answer required.

10. Defendant Reder denies the allegations contained in Paragraph 10 of the Complaint.

11. No Answer required.

12. Defendant Reder denies the allegations contained in Paragraph 12 of the Complaint.

13. No Answer required.

14. Defendant Reder denies the allegations contained in Paragraph 14 of the Complaint.

15. No Answer required.

16. Defendant Reder denies the allegations contained in Paragraph 16 of the Complaint.

WHEREFORE, Defendant, Gerard S. Reder demands that the Complaint be dismissed, and for there to be an order awarded it for attorney's fees, interest and costs.

### SECOND DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted.

### THIRD DEFENSE

The Plaintiff has failed to bring his action against the Defendants within the applicable Federal and State Statute of limitations.

### FOURTH DEFENSE

The Plaintiff waived all actions including those described in its Complaint against the Defendants.

### FIFTH DEFENSE

The Defendants have paid all monies due and owing the Plaintiff that were required by Federal or Massachusetts law including, but not limited to, those required under the Plaintiff's pension plan.

### SIXTH DEFENSE

Any obligations of the Defendants to the Plaintiff on account of the Plaintiff's employment and/or pension plan have been satisfied.

### SEVENTH DEFENSE

The Plaintiff's rights and/or benefits in the Berkshire Profit Sharing Plan had not vested; therefore, the Plaintiff obtained no rights and remedies under ERISA or other Federal or State law.

### EIGHTH DEFENSE

The Plaintiff forfeited whatever and/or remedies he obtained under ERISA or any other applicable Federal or State law.

### NINTH DEFENSE

Plaintiff's action against the Defendants is preempted by Massachusetts law; therefore, Plaintiff's action should be dismissed.

### TENTH DEFENSE

The Plaintiff voluntarily quit from his employment with Berkshire Armored Car Services Co., Inc., for a period in excess of one (1) year, when his benefits were not vested; therefore, the Plaintiff lost whatever credit he arguably obtained prior to his rehire. Accordingly, Plaintiff's benefits with the plan were not vested.

### ELEVENTH DEFENSE

Defendant Gerard S. Reder is not personally liable for the Plaintiff's claims.

### TWELFTH DEFENSE

Any claims by the Plaintiff against the Defendant Gerard S. Reder are offset by Reder's claims against the Plaintiff.

### COUNTERCLAIMS

1. Plaintiff in Counterclaim (Defendant above) is Gerard S. Reder (hereinafter referred to as "Reder"), is a resident of Berkshire County, Massachusetts.

2. The Defendant in Counterclaim (Plaintiff above) is, upon information and belief, a

resident of the City of Pittsfield, Berkshire County, Massachusetts, residing at 53 Addison Avenue (hereinafter referred to as "Tulgan").

3. Tulgan was employed by the Defendant Berkshire Armored Car Services Co., Inc. for several years. During said time, Reder was a principal and shareholder of Berkshire Armored Car Services, Inc.

4. During Tulgan's employ with Berkshire Armored Car Services Co., Inc., he:

   (a) Misappropriated by fraud or other illegal means property of Berkshire Armored Cars Services, Inc. by illegal use of its telephone;

   (b) Misappropriated by fraud or other illegal means property of the Defendant Berkshire Armored Car Services, Inc. by submitting invoices for payment to the Plaintiff by the Defendants which were knowingly and intentionally overstated by the Plaintiff, resulting in significant loss to Berkshire Armored Car Services Co, Inc.;

   (c) Physically assaulted the Defendant Jacqueline Powers who, at the time, was an employee of the Defendant Berkshire Armored Car Services Co., Inc. thereby causing her injury;

   (d) Violated company rules and policies of the Defendant Berkshire Armored Car Services Co., Inc., during and after Tulgan's employment at same, thereby injuring the company.

5. Any damage or injury caused by Tulgan on Berkshire Armored Car Service, Inc, Jacqueline Powers, or Berkshire Armored Car Services, Inc. Profit Sharing Plan was an injury to Reder.

6. In addition to the above, Reder loaned to Tulgan the sum of fifteen thousand ($15,000) dollars for purchase of Tulgan's home in Longmeadow, MA, which Tulgan failed to repay.

7. Reder also loaned monies to Tulgan for a business venture which Tulgan failed to repay.

WHEREFORE, Plaintiff in Counterclaim, Gerard S. Reder demands judgment against the Defendant in Counterclaim, James Tulgan, in an amount to be determined by the Court, together with attorney's fees, interest and costs, and for such other equitable and legal relief as the Court deems appropriate and just.

The Defendant Gerard S. Reder demands a trial by jury in all issues herein including the within Counterclaim.

Dated: January 6, 2004

Gerard S. Reder
By his Attorney,

_____
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O. # 241040

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have on this 6th day of January, 2004, served the within Defendant Gerard S. Reder's Answer, Counterclaim, and Demand For Jury Trial, by mailing same to Robert L. Leonard, Esq., Doherty Wallace Pillsbury and Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144, by first class mail, postage prepaid.

_____
Jack E. Houghton, Jr.