UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30298 - MAP

| | |
|---|---|
| JAMES TULGAN,<br>      Plaintiff<br><br>V<br><br>BERKSHIRE ARMORED CAR,<br>SERVICES CO., INC. PROFIT SHARING<br>PLAN, BERKSHIRE ARMORED CAR<br>SERVICES CO., INC., GERARD S.<br>REDER AND JACQUELINE POWERS,<br>      Defendants | DEFENDANT BERKSHIRE<br>ARMORED CAR SERVICES<br>CO., INC. PROFIT SHARING<br>PLAN'S ANSWER,<br>COUNTERCLAIM, AND<br>DEMAND FOR JURY TRIAL |

NOW comes the Defendant, Berkshire Armored Car Services Co., Inc. Profit Sharing Plan (hereinafter referred to as the "Profit Sharing Plan") in the above entitled matter and submits its Answer, Counterclaim and Demand For Jury Trial To the Complaint of James Tulgan (hereinafter refered to as "Tulgan"):

1. The Defendant Profit Sharing Plan is without information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant Profit Sharing Plan admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant Profit Sharing Plan admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant Profit Sharing Plan admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 5 of the Complaint.

1

6. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 8 of the Complaint.

9. No Answer required.

10. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 10 of the Complaint.

11. No Answer required.

12. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 12 of the Complaint.

13. No Answer required.

14. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 14 of the Complaint.

15. No Answer required.

16. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 16 of the Complaint.

WHEREFORE, Defendant, Berkshire Armored Car Services Co., Inc. Profit Sharing Plan demands that the Complaint be dismissed, and for there to be an order awarded it for attorney's fees, interest and costs.

## SECOND DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Plaintiff has failed to bring his action against the Defendants within the applicable Federal and State Statute of limitations.

## FOURTH DEFENSE

The Plaintiff waived all actions including those described in its Complaint against the Defendants.

## FIFTH DEFENSE

The Defendants have paid all monies due and owing the Plaintiff that were required by Federal or Massachusetts law including, but not limited to, those required under the Plaintiff's pension plan.

## SIXTH DEFENSE

Any obligations of the Defendants to the Plaintiff on account of the Plaintiff's employment and/or pension plan have been satisfied.

## SEVENTH DEFENSE

The Plaintiff's rights and/or benefits in the Berkshire Profit Sharing Plan had not vested; therefore, the Plaintiff obtained no rights and remedies under ERISA or other Federal or State law.

## EIGHTH DEFENSE

The Plaintiff forfeited whatever and/or remedies he obtained under ERISA or any other applicable Federal or State law.

## NINTH DEFENSE

Plaintiff's action against the Defendants is preempted by Massachusetts law; therefore, Plaintiff's action should be dismissed.

## TENTH DEFENSE

The Plaintiff voluntarily quit from his employment with Berkshire Armored Car Services Co., Inc., for a period in excess of one (1) year, when his benefits were not vested; therefore, the Plaintiff lost whatever credit he arguably obtained prior to his rehire. Accordingly, Plaintiff's benefits with the plan were not vested.

## **COUNTERCLAIM**

1.  Plaintiff in Counterclaim (Defendant above) is Berkshire Armored Car Services

      Co., Inc. Profit Sharing Plan (hereinafter referred to as "the Profit Sharing Plan"), is an employee retirement plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").

2. The Defendant in Counterclaim (Plaintiff above) is, upon information and belief, a resident of the City of Pittsfield, Berkshire County, Massachusetts, residing at 53 Addison Avenue (hereinafter referred to as "Tulgan").

3. Tulgan was employed by the Defendant Berkshire Armored Car Services Co., Inc. for several years.

4. During Tulgan's employ with Berkshire Armored Car Services Co., Inc., he:

    (a) Misappropriated by fraud or other illegal means property of Berkshire Profit Sharing Plan by illegal use of its telephone;

    (b) Misappropriated by fraud or other illegal means property of the Defendant Berkshire Profit Sharing Plan by submitting invoices for payment to the Plaintiff by the Defendants which were knowingly and intentionally overstated by the Plaintiff, resulting in significant loss to Berkshire Armored Car Services Co, Inc.;

    (c) Physically assaulted the Defendant Jacqueline Powers who, at the time, was an employee of the Defendant Berkshire Armored Car Services Co., Inc. thereby causing her injury;

    (d) Violated company rules and policies of the Defendant Berkshire Armored Car Services Co., Inc., during and after Tulgan's employment at same, thereby injuring the company.

WHEREFORE, Plaintiff in Counterclaim, Berkshire Armored Car Services Co., Inc. Profit Sharing Plan demands judgment against the Defendant in Counterclaim, James Tulgan, in an amount to be determined by the Court, together with attorney's fees, interest and costs, and for such other equitable and legal relief as the Court deems appropriate and just.

**The Defendant Berkshire Armored Car Services Co., Inc. Profit Sharing Plan demands a trial by jury in all issues herein including the within Counterclaim.**

4

Dated:   January 6, 2004

Berkshire Armored Car Services Co., Inc.
Profit Sharing Plan
By its Attorney,

_____
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O. # 241040

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have on this 6th day of January, 2004, served the within Defendant Berkshire Armored Car Services Co., Inc. Profit Sharing Plan's Answer, Counterclaim, and Demand For Jury Trial, by mailing same to Robert L. Leonard, Esq., Doherty Wallace Pillsbury and Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144 , by first class mail, postage prepaid.

_____
Jack E. Houghton, Jr.