FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 DEC 22  A 10: 33

U.S. DISTRICT
DISTRICT OF MA

CIVIL ACTION NO. 03-30298 - MAP

|  |  |
|---|---|
| JAMES TULGAN,<br>       Plaintiff<br><br>V<br><br>BERKSHIRE ARMORED CAR,<br>SERVICES CO., INC.,BERKSHIRE<br>ARMORED CAR SERVICES, CO., INC<br>PROFIT SHARING PLAN,<br>GERARD S. REDER AND<br>JACQUELINE POWERS,<br>       Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **DEFENDANTS' MOTION**<br>)   **TO AMEND ANSWER**<br>)<br>)<br>)<br>)<br>)<br>) |

NOW come the Defendants, Berkshire Armored Car, Services Co., Inc., Berkshire Armored Car Services Co., Inc. Profit Sharing Plan and Gerard S. Reder (hereinafter "Defendants") in the above-entitled matter, and move pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure, to AMEND their Answer to the Complaint of James Tulgan, so as to add the following Defense:

### ELEVENTH DEFENSE

The Plaintiff's claims against the Defendants were partially or entirely based on false information/documents provided by the Plaintiff to the Defendants for his salary and/or compensation upon which the Plaintiff's profit sharing benefits were determined. In doing so, the Plaintiff violated federal law, as well as rules and regulations of the Defendants. As a result, the Plaintiff is not entitled to any damages against the Defendants for Counts 1 - 4, based on his wrongful and/or illegal conduct.

In support thereof, the Defendants offer the following:

1. *This case was commenced on or about December 5, 2003, by the filing of a Complaint and Demand for Jury Trial with the District Court. The Defendants filed an Answer, Counterclaim and Demand For Jury Trial, by document dated January 6, 2004. A copy of the Answer, Counterclaim and Demand is attached*

*hereto and marked Exhibit "A". Among other things, the Defendants' Counterclaim and Demand in Paragraph 4.(b), alleged that the Plaintiff*

> (b) *Misappropriated by fraud or other illegal means property of the Defendant Berkshire Armored Car Services, Inc. by submitting invoices for payment to the Plaintiff by the Defendants which were knowingly and intentionally overstated by the Plaintiff, resulting in significant loss to Berkshire Armored Car Services Co, Inc.;*

2. Notwithstanding the Defendants' inclusion of this allegation in their Counterclaim, the Defendants inadvertently neglected to provide same as a **defense** in their Answer. The Defendants now seek to amend their Complaint so as to provide an Eleventh Defense wherein they aver that the Plaintiff is not entitled to judgment against the Defendants, as his claims were partially or entirely based on false information/documents provided to the Defendants for his salary and/or compensation upon which the Plaintiff's profit sharing benefits were determined. This very same allegation, now interposed as a defense to the Plaintiff's Complaint, was included in the Defendants' Counterclaim, in Paragraph 4(b) as a claim against the Plaintiff.

3. Based on the above, the issue of the Plaintiff misappropriating, by fraud or other illegal means. property of the Defendants by submitting invoices for payment to the Plaintiff which were knowingly and intentionally overstated by the Plaintiff, resulting in loss to Berkshire Armored Car Services Co., Inc., was raised by the Defendants from the inception of this case. The Plaintiff, therefore, had fair notice of this issue, from the commencement of the case, having ample opportunity to obtain discovery against the Defendants regarding same. In fact, the Plaintiff, through Counsel requested various documents and took the deposition of Defendant Gerard S. Reder on October 5, 2004. A significant portion of Defendant Reder's deposition was devoted to the issue of the Plaintiff's submission of fraudulent invoices for payment to the Plaintiff, upon which the Plaintiff's profit sharing benefits were determined. Accordingly, based on the above, this Motion is of no surprise to the Plaintiff nor is he prejudiced thereby.

4. The Defendants make this Motion in good faith and without prejudice to the Plaintiff, well in advance of the trial in this matter.

5. On October 14, 2004, the Defendants filed a Motion To Amend the Defendants' Answer with the District Court, with a Certificate of Service. The Motion was denied for failure to comply with Rule 7.01(A) of the Local Rules of the United States, District Court for the District of Massachusetts. Following this, the Defendants, through Counsel, wrote a letter to Counsel for the Plaintiff, accompanied by a copy of the Motion To Amend, requesting his assent thereto. A copy of same is enclosed and marked Exhibit "B". Plaintiff responded, indicating that he would agree to said Motion, but only if he was able to conduct additional

discovery of the Defendants, including a second deposition of Defendant Reder, presumably on the issue of the Plaintiff's false information/documents.

6. Defendants oppose the Plaintiff's request for an additional deposition on the grounds that this issue, in its entirety, had previously been raised by the Defendants, and discovered by the Plaintiff in the documents requested, as well as its deposition of Gerard Reder. Accordingly, it is both unfair and inappropriate for Plaintiff to "get a second bite at the apple", simply because Defendants now seek to amend their Answer.

WHEREFORE, Defendants respectfully request this Honorable Court to allow them to amend their Answer so as to add the following defense:

### ELEVENTH DEFENSE

*The Plaintiff's claims against the Defendants were partially or entirely based on false information/documents provided by the Plaintiff to the Defendants for his salary and/or compensation upon which the Plaintiff's profit sharing benefits were determined. In doing so, the Plaintiff violated federal law, as well as rules and regulations of the Defendants. As a result, the Plaintiff is not entitled to any damages against the Defendants for Counts 1 - 4, based on his wrongful and/or illegal conduct.*

Dated: December 22, 2004

Berkshire Armored Car, Services, Co., Inc.,
Berkshire Armored Car Services Co., Inc. Profit
Sharing Plan, Gerard S. Reder,
By their Attorney,

Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O. # 241040

## RULE 7.01 (A) (3) CERTIFICATION

I, Jack E. Houghton, Jr., counsel for the Defendants, Berkshire Armored Car, Services Co., Inc., Profit Sharing Plan, Berkshire Armored Car Services Co., Inc., and Gerard S. Reder on oath depose and say that, pursuant to Rule 7.1 (A) (3) of the Local Rules of the United States, District Court for the District of Massachusetts, do hereby certify that, previous to the filing of this motion, I attempted in good faith to resolve this Motion To Amend, by forwarding a copy of same, together with a letter, to Robert L. Leonard, Esq. of Doherty Wallace Pillsbury & Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144-1900, Attorney for the Plaintiff, requesting that he assent to the Motion To Amend. Attorney Leonard refused to assent to same, unless the Plaintiff was permitted to conduct additional discovery of the Defendants, including a deposition of the Defendant, Gerard S. Reder.

_____
Jack E. Houghton, Jr.

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have on this 22nd day of December, 2004, served the within Defendants' Motion To Amend, by hand delivering same to Robert L. Leonard, Esq., Doherty Wallace Pillsbury and Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144, and sending a copy of same to Jacqueline Powers, 60 Kenwood Avenue, Pittsfield, MA 01201 by first class mail, postage prepaid.

_____
Jack E. Houghton, Jr.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30298 - MAP

| | |
|---|---|
| JAMES TULGAN,<br>      Plaintiff<br><br>v<br><br>BERKSHIRE ARMORED CAR,<br>SERVICES CO., INC. PROFIT SHARING<br>PLAN, BERKSHIRE ARMORED CAR<br>SERVICES CO., INC., GERARD S.<br>REDER AND JACQUELINE POWERS,<br>      Defendants | DEFENDANT BERKSHIRE<br>ARMORED CAR SERVICES<br>CO., INC. PROFIT SHARING<br>PLAN'S ANSWER,<br>COUNTERCLAIM, AND<br>DEMAND FOR JURY TRIAL |

NOW comes the Defendant, Berkshire Armored Car Services Co., Inc. Profit Sharing Plan (hereinafter referred to as the "Profit Sharing Plan") in the above entitled matter and submits its Answer, Counterclaim and Demand For Jury Trial To the Complaint of James Tulgan (hereinafter refered to as "Tulgan"):

1. The Defendant Profit Sharing Plan is without information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant Profit Sharing Plan admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant Profit Sharing Plan admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant Profit Sharing Plan admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 5 of the Complaint.

1

6. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 8 of the Complaint.

9. No Answer required.

10. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 10 of the Complaint.

11. No Answer required.

12. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 12 of the Complaint.

13. No Answer required.

14. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 14 of the Complaint.

15. No Answer required.

16. Defendant Profit Sharing Plan denies the allegations contained in Paragraph 16 of the Complaint.

WHEREFORE, Defendant, Berkshire Armored Car Services Co., Inc. Profit Sharing Plan demands that the Complaint be dismissed, and for there to be an order awarded it for attorney's fees, interest and costs.

## SECOND DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Plaintiff has failed to bring his action against the Defendants within the applicable Federal and State Statute of limitations.

2

## FOURTH DEFENSE

The Plaintiff waived all actions including those described in its Complaint against the Defendants.

## FIFTH DEFENSE

The Defendants have paid all monies due and owing the Plaintiff that were required by Federal or Massachusetts law including, but not limited to, those required under the Plaintiff's pension plan.

## SIXTH DEFENSE

Any obligations of the Defendants to the Plaintiff on account of the Plaintiff's employment and/or pension plan have been satisfied.

## SEVENTH DEFENSE

The Plaintiff's rights and/or benefits in the Berkshire Profit Sharing Plan had not vested; therefore, the Plaintiff obtained no rights and remedies under ERISA or other Federal or State law.

## EIGHTH DEFENSE

The Plaintiff forfeited whatever and/or remedies he obtained under ERISA or any other applicable Federal or State law.

## NINTH DEFENSE

Plaintiff's action against the Defendants is preempted by Massachusetts law; therefore, Plaintiff's action should be dismissed.

## TENTH DEFENSE

The Plaintiff voluntarily quit from his employment with Berkshire Armored Car Services Co., Inc., for a period in excess of one (1) year, when his benefits were not vested; therefore, the Plaintiff lost whatever credit he arguably obtained prior to his rehire. Accordingly, Plaintiff's benefits with the plan were not vested.

## COUNTERCLAIM

1. Plaintiff in Counterclaim (Defendant above) is Berkshire Armored Car Services

Co., Inc. Profit Sharing Plan (hereinafter referred to as "the Profit Sharing Plan"), is an employee retirement plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").

2. The Defendant in Counterclaim (Plaintiff above) is, upon information and belief, a resident of the City of Pittsfield, Berkshire County, Massachusetts, residing at 53 Addison Avenue (hereinafter referred to as "Tulgan").

3. Tulgan was employed by the Defendant Berkshire Armored Car Services Co., Inc. for several years.

4. During Tulgan's employ with Berkshire Armored Car Services Co., Inc., he:

   (a) Misappropriated by fraud or other illegal means property of Berkshire Profit Sharing Plan by illegal use of its telephone;

   (b) Misappropriated by fraud or other illegal means property of the Defendant Berkshire Profit Sharing Plan by submitting invoices for payment to the Plaintiff by the Defendants which were knowingly and intentionally overstated by the Plaintiff, resulting in significant loss to Berkshire Armored Car Services Co, Inc.;

   (c) Physically assaulted the Defendant Jacqueline Powers who, at the time, was an employee of the Defendant Berkshire Armored Car Services Co., Inc. thereby causing her injury;

   (d) Violated company rules and policies of the Defendant Berkshire Armored Car Services Co., Inc., during and after Tulgan's employment at same, thereby injuring the company.

WHEREFORE, Plaintiff in Counterclaim, Berkshire Armored Car Services Co., Inc. Profit Sharing Plan demands judgment against the Defendant in Counterclaim, James Tulgan, in an amount to be determined by the Court, together with attorney's fees, interest and costs, and for such other equitable and legal relief as the Court deems appropriate and just.

**The Defendant Berkshire Armored Car Services Co., Inc. Profit Sharing Plan demands a trial by jury in all issues herein including the within Counterclaim.**

4

Dated: January 6, 2004

Berkshire Armored Car Services Co., Inc.
Profit Sharing Plan
By its Attorney,

_____
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O. # 241040

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have on this 6th day of January, 2004, served the within Defendant Berkshire Armored Car Services Co., Inc. Profit Sharing Plan's Answer, Counterclaim, and Demand For Jury Trial, by mailing same to Robert L. Leonard, Esq., Doherty Wallace Pillsbury and Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144 , by first class mail, postage prepaid.

_____
Jack E. Houghton, Jr.

5



**Law Offices**
**JACK E. HOUGHTON, JR.**
**78 Bartlett Avenue**
**Pittsfield, MA 01201**

Tel No. (413) 447-7385

Fax No. (413) 445-4296

October 21, 2004

Robert L. Leonard, Esq.
Doherty Wallace Pillsbury & Murphy
One Monarch Place, Suite 1900
Springfield, MA 01144-1900

Re: *James Tulgan, v*
 *Berkshire Armored Car Services Co., Inc. et. als*
 *Civil Action # 03-30298-MAP*

Dear Attorney Leonard:

I am desirous of amending the Defendant's Answer, in conformity with the enclosed motion. I am writing this letter pursuant to Local Rule 7.1 to see whether or not you have any objection to same. Please advise as to whether or not you have any objection and, if so, the basis of your objection sometime within the next seven (7) days. Otherwise, if I have not heard from you within that time period, I shall file the motion with the Federal District Court in Springfield, with a certification that I have sent this letter and received no response/opposition to same.

Thank you.

Very Truly Yours,

Jack E. Houghton, Jr.
JEH/va

enc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30298 - MAP

| | |
|---|---|
| JAMES TULGAN,<br>   Plaintiff<br><br>v<br><br>BERKSHIRE ARMORED CAR,<br>SERVICES CO., INC., BERKSHIRE<br>ARMORED CAR SERVICES, CO., INC<br>PROFIT SHARING PLAN,<br>GERARD S. REDER AND<br>JACQUELINE POWERS,<br>   Defendants | DEFENDANTS' MOTION<br>TO AMEND ANSWER |

NOW comes the Defendants, Berkshire Armored Car, Services Co., Inc., Berkshire Armored Car Services Co., Inc. Profit Sharing Plan, and Gerard S. Reder, in the above-entitled matter, and moves pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure, to AMEND their Answer to the Complaint of James Tulgan, so as to add the following Defense:

## ELEVENTH DEFENSE

The Plaintiff's claims against the Defendants were partially or entirely based on false information/documents provided by the Plaintiff to the Defendants for his salary and/or compensation upon which the Plaintiff's profit sharing benefits were determined. In doing so, the Plaintiff violated federal law, as well as rules and regulations of the Defendants. As a result, the Plaintiff is not entitled to any damages against the Defendants for Counts 1 - 4, based on his wrongful and/or illegal conduct.

Dated: October     , 2004

            Berkshire Armored Car, Services, Co., Inc.,
            Berkshire Armored Car Services Co., Inc. Profit
            Sharing Plan, Gerard S. Reder,
            By their Attorney,

            Jack E. Houghton, Jr.
            78 Bartlett Avenue
            Pittsfield, MA 01201
            (413) 447-7385
            B.B.O. # 241040