UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 03CV30298-MAP

JAMES TULGAN,
        Plaintiff

v.

BERKSHIRE ARMORED CAR SERVICES
CO., INC. PROFIT SHARING PLAN,
BERKSHIRE ARMORED CAR SERVICES
CO., INC., GERARD S. REDER and
JACQUELINE POWERS
        Defendants

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO
AMEND ANSWER

      The plaintiff objects to the defendants' motion to amend their answer to add an eleventh defense. As explained in detail hereafter, the motion should be denied for the following reasons:

1. Allowance of the motion would unfairly prejudice the plaintiff because it raises a new defense after discovery was completed so the plaintiff had no opportunity to address the issue during discovery;

2. The motion is untimely. Not only was it brought after discovery but also after the Court held a case management conference on December 22, 2004, during which defendants' counsel never disclosed his intent to serve the motion later that day;

3. Allowance of the motion would only serve to unnecessarily increase the delay and expense of a trial seeking limited damages. The plaintiff's claim seeks damages of approximately $5,000 exclusive of attorney's fees.

252464-1

4. The defendants offer no explanation of why they did not include this affirmative defense along with the other ten defenses they initially raised in their pleadings.

## FACTS RELEVANT TO MOTION

1. The plaintiff sued the defendants alleging a violation of ERISA by the defendants in failing to pay the plaintiff approximately $5,000 he was owed for his interest in a profit sharing plan. All the defendants denied liability and raised ten defenses and several counterclaims.

2. Both the plaintiff and defendant conducted discovery thereafter. The plaintiff requested documents, to include information that supported each defense and counterclaim. The plaintiff subsequently took the deposition of the deposition Gerard Reder, individually and as the designated representative of the other defendants. The defendants submitted a document request to the plaintiff and also took his deposition.

3. As explained in Section 5 of the defendants' motion, the attorney for the defendants sent a letter to plaintiff's attorney stating he wanted to amend the answer and inquired whether the plaintiff objected. Since discovery had been completed, plaintiff's attorney responded that he would object to the motion unless the defendants allowed the plaintiff an opportunity to depose their designated representative on the new matters raised. The defendants' attorney declined and nothing more was heard of the motion until it was served on the plaintiff's counsel after the case management conference with the Court on December 22, 2004.

4. It is noteworthy that defendants' counsel never told the Court during the case management conference that he intended to file the motion even though the Court inquired what else needed to be done before the case proceeded to trial.

252464-1

2

## ARGUMENT

The decision whether to allow a motion to amend a pleading is discretionary and requires consideration of a number of factors, including undue delay and prejudice to the opposing party. Hayes v. New England Mill Work Distributors, Inc., 602 F. 2d 15 (First Cir. 1979). Although Rule 15(a) provides that "leave shall be freely given when justice so requires," the Court should deny the motion to amend if there is undue prejudice to the opposing party or the moving party has failed to show valid reason for its neglect and delay. Id at 19-20.

This motion should be denied because of unfair prejudice to the plaintiff, the unnecessary cost and delay it would cause and the lack of any explanation for the undue delay in bringing the motion. The prejudice to the plaintiff in allowing this motion is clear. The plaintiff conducted timely discovery, to include requesting the defendants produce any documents that supported their defenses or counterclaims. The plaintiff then deposed Gerard Reder, the person who the defendants represented was most knowledgeable about the issues in this case. That discovery, including the deposition, was concluded before the defendants ever indicated the matters now alleged in the proposed eleventh defense. The plaintiff could not question Mr. Reder on the subject of the eleventh defense because he had no notice of it.

When the defendant first notified the plaintiff that it desired to add an eleventh defense, the plaintiff's counsel wrote to the defendant's counsel and said he would need agreement that he could depose the representative of the defendants on the topic or he would object to the motion. The defendants' attorney did not agree and nothing further was heard of the motion until it was served on plaintiff's counsel after the case management conference.

The plaintiff would clearly be prejudiced by the allowance of this motion. He conducted his discovery with out any notice of the claims alleged in the proposed eleventh defense. It was

The plaintiff would clearly be prejudiced by the allowance of this motion. He conducted his discovery with out any notice of the claims alleged in the proposed eleventh defense. It was only after discovery had been completed that the defendant gave any notice of the proposed eleventh defense and then refused to agree to allow the plaintiff to question the representative of the defendant on the topic.

There is also clearly undue delay on the part of the defendant in bringing this motion. The defendants state in their motion they filed an answer on January 6, 2004 which contained ten defenses. All discovery was completed before defendants' attorney notified the plaintiff's attorney by letter dated October 21, 2004, that the defendants desired to add an eleventh defense. After the plaintiff stated he would object to the motion unless he could engage in discovery to determine the facts underlying the defense, the defendants' attorney never filed the motion until after the case management conference on December 22, 2004. It is noteworthy that defendants' attorney never informed the Court during the case management conference that he intended to file the motion and it was not served until after the case management conference.

The defendants offer no explanation for that undue delay. They only state they "inadvertently neglected" to put the defense in their answer. That is clearly not a justifiable explanation for the "eleventh hour" presentation of their eleventh defense.

Allowance of the motion would also continue to disproportionately increase the cost of this proceeding. During the case management conference, plaintiff's attorney advised the Court the plaintiff's claim amounted to approximately $5,000, exclusive of attorney's fees. The defendants' course of conduct in this proceeding appears to be to maximize the time and expense of resolving this matter and allowing another futile defense, even with further discovery, would only serve to unreasonably increase the cost and time to resolve this matter.

For all the above reasons, the plaintiff moves the Court to deny the defendants' motion to amend their answer.

The Plaintiff,
By his Attorney,

Robert L. Leonard, Esquire
Doherty, Wallace, Pillsbury & Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144-1900
Tel: (413) 733-3111
Fax: (413) 734-3910
B.B.O. Number: 294060

## CERTIFICATE OF SERVICE

I, Robert L. Leonard, Esq., hereby certify that on January 5, 2005, I served a copy of the foregoing on the parties to the case by mailing and telecopying a copy of same to:

Jack E. Houghton, Jr., Esq.
78 Bartlett Avenue
Pittsfield, MA 01201

Robert L. Leonard, Esq.

252464-1

5