FILED

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS

**CIVIL ACTION NO. 03CV30298 - MAP**

| | |
|---|---|
| **JAMES TULGAN,**<br>        **Plaintiff**<br><br>**V**<br><br>**BERKSHIRE ARMORED CAR**<br>**SERVICES CO., INC. PROFIT SHARING**<br>**PLAN, BERKSHIRE ARMORED CAR**<br>**SERVICES CO., INC., GERARD S.**<br>**REDER AND JACQUELINE POWERS,**<br>        **Defendants** | **DEFENDANTS BERKSHIRE**<br>**ARMORED CAR SERVICES**<br>**CO., INC. PROFIT SHARING**<br>**PLAN, BERKSHIRE ARMORED**<br>**CAR SERVICES CO., INC.,**<br>**AND GERARD S. REDER'S**<br>**OPPOSITION TO PLAINTIFF'S**<br>**MOTION FOR SUMMARY**<br>**JUDGMENT ON**<br>**COUNTERCLAIMS** |

    NOW come the Defendants, Berkshire Armored Car Services Co., Inc. Profit Sharing Plan, Berkshire Armored Car Services Co., Inc., and Gerard S. Reder (hereinafter collectively referred to as the "Defendants") in the above entitled matter and submits the following as their OPPOSITION to the Plaintiff's Motion For Summary Judgment On Counterclaims.   In support thereof, the Defendants submit a Reply to the Plaintiff's Statement Of Uncontroverted Facts, labeled Exhibit "A", together with an Affidavit of the Defendant Gerard S. Reder, labeled Exhibit "B" and Memorandum In Opposition To Plaintiff's Motion For Summary Judgment.

                                        The Defendants
                                        Berkshire Armored Car Services Co., Inc.
                                        Profit Sharing Plan, Berkshire Armored Car
                                        Services Co., Inc., and Gerard S. Reder,
                                        By their Attorney,

Dated: February 14, 2005

                                        _____
                                        Jack E. Houghton, Jr.
                                        78 Bartlett Avenue
                                        Pittsfield, MA 01201
                                        (413) 447-7385
                                        B.B.O.# 241040

**CERTIFICATE OF SERVICE**

    I, Jack E. Houghton, Jr. hereby certify that I have on this 14th day of February, 2005, served the within Defendants Berkshire Armored Car Services Co., Inc. Profit Sharing Plan, Berkshire Armored Car Services Co., Inc., And Gerard S. Reder's Opposition To Plaintiff's Motion For Summary Judgment On Counterclaims by mailing same to Robert L. Leonard, Esq., Doherty Wallace Pillsbury and Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144 , and Jacqueline Powers, 60 Kenwood Avenue, Pittsfield, MA 01201 by first class mail, postage prepaid.

                                                _____
                                                Jack E. Houghton, Jr.



DEFENDANT'S EXHIBIT
A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 03CV30298 - MAP**

| | |
|---|---|
| JAMES TULGAN,<br>      **Plaintiff**<br><br>V<br><br>BERKSHIRE ARMORED CAR SERVICES CO., INC. PROFIT SHARING PLAN, BERKSHIRE ARMORED CAR SERVICES CO., INC., GERARD S. REDER AND JACQUELINE POWERS,<br>      **Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS BERKSHIRE ARMORED CAR SERVICES CO., INC. PROFIT SHARING PLAN, BERKSHIRE ARMORED CAR SERVICES CO., INC., AND GERARD S. REDER'S RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS** |

NOW come the Defendants, Berkshire Armored Car Services Co., Inc. Profit Sharing Plan, Berkshire Armored Car Services Co., Inc., and Gerard S. Reder (hereinafter collectively referred to as "Defendants") in the above-entitled matter and submit the following as their Response To The Statement Of Uncontroverted Facts submitted by the Plaintiff:

1.      Admit.

2.      The Defendants are without information sufficient to form a belief as to the truth or veracity of the matters contained in Paragraph 2 of the Statement of Uncontroverted Facts.

3.      Admit.

4.      Admit.

5.      The Defendants admit the statements made in Paragraph 5 of the Statement of Uncontroverted Facts; however, they say that there is additional legal basis for why Berkshire Armored Car Services Co., Inc Profit Sharing Plan may counterclaim against the Plaintiff for misappropriation of property.

6.      Admit.

7.      Admit.

8.      The Defendants are without information sufficient to form a belief as to the truth or veracity of the statement made in Paragraph 8 of the Statement of Uncontroverted Facts.

9.      Admit.

10.     Admit.

11.     Admit.

12.     Admit;  however, the Defendants have additional evidence to support the allegations contained in Paragraph 4 (b) of the Counterclaim.

13.     Admit.

14.     Admit.

15.     Admit; however, the Defendants have since submitted a significant number of other documents which show that the Plaintiff misappropriated money of one or more from the Defendants.

16.     Admit; however, additional documents show that the Plaintiff misappropriated money from the Defendants at later dates.

17.     Admit.

18.     Admit the Reder statement; however, since the deposition, the Defendants, through counsel, have supplied the Plaintiff with significant other documents which support the allegations contained in Paragraph 4 (b) of the Counterclaim.

19.     Admit.

20.     Admit.

21.     Admit; however the statement was said in jest: *"seriously he threw the keys at her and I went right after him"* (Reder deposition Page 115).

22.     Admit.

23.   Admit, but Reder testified:

> *No, I rationalized to myself that I can't do this to my daughter or my son-in-law meaning disciplinary action or knocking him on his ass. So I opted to let it go and I sat with Jackie and calmed her down as she recognized that I am protecting my daughter and son-in-law. So she agreed not to press charges. She was rattled.*
> (Reder deposition Page 116).

24.   Admit.

25.   Admit.

26.   Admit.

27.   Admit.

28.   Admit.

29.   Admit.

30.   Admit.

31.   Admit that Reder testified that he had loaned fifteen thousand dollars ($15,000) to the Plaintiff for the down payment of a house in Longmeadow, Massachusetts. As to when the loan was made, Reder testified:

> *I can look it up but I can't tell you now. I do not remember.*

32.   Admit insofar as the accuracy of the transcript of the deposition of Gerard S. Reder.

33.   Admit as to when the Longmeadow home was sold, *i.e.* 1992. Deny as to Reder knowing the home was going to be sold. (See Affidavit of Gerard S. Reder.)

34.   Admit.

35.   Admit insofar as the accuracy of the transcript of the deposition of Gerard S. Reder on Pages 128 - 135.

The Defendants
Berkshire Armored Car Services Co., Inc.
Profit Sharing Plan, Berkshire Armored Car
Services Co., Inc., and Gerard S. Reder,
By their Attorney.

Dated: February 14, 2005

_____
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O.# 241040

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have on this 14th day of February, 2005, served the within Defendants Berkshire Armored Car Services Co., Inc. Profit Sharing Plan, Berkshire Armored Car Services Co., Inc., And Gerard S. Reder's Response To Statement Of Uncontroverted Facts by mailing same to Robert L. Leonard, Esq., Doherty Wallace Pillsbury and Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144 , and Jacqueline Powers, 60 Kenwood Avenue, Pittsfield, MA 01201 by first class mail, postage prepaid.

_____
Jack E. Houghton, Jr.