UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03CV30298 - MAP

| | |
|---|---|
| JAMES TULGAN,<br>    Plaintiff<br><br>V<br><br>BERKSHIRE ARMORED CAR<br>SERVICES CO., INC. PROFIT SHARING<br>PLAN, BERKSHIRE ARMORED CAR<br>SERVICES CO., INC., GERARD S.<br>REDER AND JACQUELINE POWERS,<br>    Defendants | MEMORANDUM IN<br>OPPOSITION TO PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT ON<br>COUNTERCLAIMS OF THE<br>DEFENDANTS |

NOW comes the Defendants Berkshire Armored Car Services Co., Inc. Profit Sharing Plan, Berkshire Armored Car Services Co., Inc., and Gerard S. Reder (hereinafter collectively referred to as the "Defendants") in the above entitled matter and submits the following as their Memorandum In Opposition To the Plaintiff's Motion For Summary Judgment On Counterclaims Of The Defendants. The Defendants have filed, in connection with their Opposition, a response to the Plaintiff's Statement Of Uncontroverted Facts, and Affidavit of Gerard S. Reder.

FACTS

On or about December 5, 2003, the Plaintiff, James Tulgan, through counsel, brought an action

1

against the Defendants, and Jacqueline Powers, for misappropriation by fraud or other illegal means some of the vested benefits due to the Plaintiff from the Defendant Berkshire Profit Sharing Plan. The Complaint attempts to hold the Defendant Berkshire Armored Car Services Co., Inc. and the Defendant Gerard S. Reder liable to the Plaintiff, under ERISA, by failing to pay or arranging to have the Plaintiff paid his pension benefits. The Defendant's Answer denies all of the claims, and additionally provides for affirmative defenses including, but not limited to, failing to bring said claim against the Defendants within the applicable statute of limitations, waiver, payment, satisfaction, and forfeiture. Additionally, there is a defense that the Plaintiff voluntarily quit his employment with Berkshire Armored Car Services on at least two (2) occasions, one of which exceeded one year prior to when his pension benefits vested. Lastly, the Plaintiff's action is preempted by Massachusetts law; therefore, the Plaintiff's action should be dismissed.

After discovery, the Plaintiff has now brought a Motion For Summary Judgment, arguing that the Defendants' counterclaims should be dismissed.

## ARGUMENT

I.  *Statute Of Limitations Argument.*

The Plaintiff argues that the Defendant's counterclaims, as provided in Paragraphs 4 (a) through (d) of the Counterclaim, should be dismissed on account of the passage of the statute of

limitations. The Plaintiff argues that, since he last worked for Berkshire Armored Car Services Co., Inc. in September of 1997, and the fact that the Complaint was not filed until December of 2003 that more than six (6) years had elapsed between the two (2) events.

Counsel for the Plaintiff has asserted M.G.L. Chapters 260, Sec. 2A as barring the Defendants from prosecuting their Counterclaim against the Plaintiff. Initially, although it may seem that Sec. 2A may apply, under some circumstances a Defendant (here the Plaintiff) may be estopped from asserting the statute of limitations as a bar. The Supreme Judicial Court has held that, in such cases, a Defendant is estopped to use the statute of limitations as a defense where his statements or actions "lulled the Plaintiffs (here the Defendants) into the false belief that it was not necessary for them to commence an action within the statutory period of limitations". In other words, but for the Defendants' actions and/or inaction, the Plaintiffs (here the Defendants) would not have brought their claims. See: *Clickner v. Lowell*, 422 Mass. 539, 544 (1996). Here, except for several letters, the Plaintiff sat on his ERISA rights for almost six years before he commenced suit. By the time suit was commenced, no time was remaining within the limitations for filing the tort actions against the Plaintiff. See: *Pagliarini v. Iannaco*, 57 Mass App Ct. 601 (2003). Here, as was evidenced in Gerard Reder's deposition, the tort actions were not brought against the Plaintiff on account of his marital relationship with Reder's daughter, and Reder's desire to maintain family harmony and civility. If he had brought suit against his son-in-law, Defendant Reder would have destroyed any relationship that he had with his daughter and son-in-law (see Affidavit of Gerard S. Reder). Moreover, Defendant Reder had and has grandchildren between the Plaintiff and his daughter. Commencing an action against the Plaintiff during the requisite

3

period of time for fraud, assault, misappropriation, etc. would have permanently harmed that relationship, putting Reder in an untenable situation with his daughter and grandchildren. Accordingly, under the circumstances, Reder's reliance was reasonable. *See Pagliarini at 604*. Likewise, the Defendant's estoppel argument is compelling towards the allegations of misappropriation by fraud by submitting over stated invoices and violation of company rules and policies.

II      *Loan of fifteen thousand ($15,000) dollars.*

Defendant Reder testified that the Plaintiff failed to repay him a loan of fifteen thousand ($15,000) dollars for the purchase of the Plaintiff's home in Longmeadow, Massachusetts. Reder testified that when the house was sold, the loan would be repaid. The Plaintiff failed to do so and, instead, used the money to invest into an ill-fated venture referred to as Deli-Time. Clearly, there is an issue of fact regarding the fifteen thousand dollars ($15,000) payment from the Defendant Reder to the Plaintiff which needs to be determined by the trier of fact and, as with the case involving the allegations of tort, misappropriation and fraud, the Plaintiff is estopped from asserting the statute of limitations by his failure to take action, as well as his wrongful conduct towards the Defendants. See *Alpert v. Radner, 293 Mass 109 (1936)*.

Similarly the Plaintiff should not benefit from the passage of time on account of his wrongful and fraudulent behavior (see Affidavit of Gerard S. Reder).

## CONCLUSION

For the reasons mentioned above, the Defendants respectfully request this Honorable Court to DENY the Plaintiff's Motion For Summary Judgment on the Defendant's Counterclaims.

Dated: February 14, 2005

The Defendants
Berkshire Armored Car Services Co., Inc.
Profit Sharing Plan, Berkshire Armored Car
Services Co., Inc., and Gerard S. Reder,
By their Attorney.

_____
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O.# 241040

**CERTIFICATE OF SERVICE**

I, Jack E. Houghton, Jr. hereby certify that I have on this 14th day of February, 2005, served the within Memorandum In Opposition To Plaintiff's Motion For Summary Judgment On Counterclaims Of The Defendants by mailing same to Robert L. Leonard, Esq., Doherty Wallace Pillsbury and Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144, and Jacqueline Powers, 60 Kenwood Avenue, Pittsfield, MA 01201 by first class mail, postage prepaid.

_____
Jack E. Houghton, Jr.