UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30298-MAP

| | |
|---|---|
| JAMES TULGAN,<br>　　　　Plaintiff<br><br>V<br><br>BERKSHIRE ARMORED CAR,<br>SERVICES CO., INC., BERKSHIRE<br>ARMORED CAR SERVICES, CO., INC<br>PROFIT SHARING PLAN,<br>GERARD S. REDER AND<br>JACQUELINE POWERS,<br>　　　　Defendants | DEFENDANTS' MOTION<br>TO IMPOUND |

NOW comes the Defendants, Berkshire Armored Car, Services Co., Inc., Berkshire Armored Car Services, Co., Inc. Profit Sharing Plan, and Gerard S. Reder, in the above entitled matter and move, pursuant to Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts to IMPOUND the Affidavit of Gerard S. Reder, dated February 14, 2005, submitted to the Court by counsel on or about February 15, 2005. For reasons, counsel for the Defendants says as follows:

1. On or about February 15, 2005, counsel for the Defendants Berkshire Armored Car Services Co., Inc., Berkshire Armored Car Services, Co., Inc. Profit Sharing Plan, and Gerard S. Reder submitted an Opposition to the Plaintiff's Motion For Summary Judgment, together with Response To Statement Of Uncontroverted Facts, Memorandum In Opposition To Plaintiff's Motion For Summary Judgment and Affidavit of Gerard S. Reder.

2. Counsel for the Plaintiff has alleged that the Affidavit of Gerard S. Reder contains certain defamatory statements about the Plaintiff. The Defendants disagree with same but, in the interest of avoiding prolonged and costly litigation, agree that the Affidavit should be impounded during the pendency of these proceedings. The parties agree that, in the event that the Court impounds said Affidavit, that the impoundment order may be lifted upon the entry of judgment and/or dismissal of this case, whichever first occurs, at which time the original Affidavit shall be turned over and held in the custody

of the Defendant Gerard S. Reder.

3. Pursuant to Local Rule 7.2 (e), the Defendant Gerard S. Reder agrees to retrieve said Affidavit, immediately upon dismissal and/or the entry of judgment in this case, whichever first occurs.

4. This is an assented motion. The Plaintiff's assent does not waive any action or claim that might be available to the Plaintiff concerning the affidavit.

WHEREFORE, the Defendants Berkshire Armored Car Services Co., Inc., Berkshire Armored Car Services, Co., Inc. Profit Sharing Plan, and Gerard S. Reder move this Honorable Court, to IMPOUND and keep confidential the Affidavit of Gerard S. Reder, dated February 14, 2005, submitted to the United States District Court on or about February 15, 2005.

Dated: March 10, 2005

_____
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O. # 241040

Assented to By:

_____
Robert L. Leonard, Esq.
Doherty Wallace Pillsbury & Murphy
Attorney for the Plaintiff,
One Monarch Place, Suite 1900
Springfield, MA 01144-1900

# CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have on this 10th of March, 2005 served the within Defendants' Motion To Impound, by mailing same to Robert L. Leonard, Esq., Doherty Wallace Pillsbury and Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144, and Jacqueline Powers, 60 Kenwood Avenue, Pittsfield, MA 01201 by first class mail, postage prepaid.

_____
Jack E. Houghton, Jr.