UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30298 - MAP

| | |
|---|---|
| JAMES TULGAN,<br>　　　　Plaintiff<br><br>V<br><br>BERKSHIRE ARMORED CAR,<br>SERVICES CO., INC.,BERKSHIRE<br>ARMORED CAR SERVICES, CO., INC<br>PROFIT SHARING PLAN,<br>GERARD S. REDER AND<br>JACQUELINE POWERS,<br>　　　　Defendants | DEFENDANTS BERKSHIRE<br>ARMORED SERVICES CO., INC.,<br>BERKSHIRE ARMORED CAR<br>SERVICES CO., INC. PROFIT<br>SHARING PLAN, AND<br>GERARD S. REDER'S<br>PRE-TRIAL MEMORANDUM |

　　NOW comes the Defendants, Berkshire Armored Car Services Co., Inc., Berkshire Armored Cars Services, Co., Inc. Profit Sharing Plan, and Gerard S. Reder (hereinafter "Defendants") in the above entitled matter and, pursuant to the procedural order issued by the Court on March 24, 2005, submits the following for their pre-trial memorandum:

1.　　<u>Concise statement of the evidence that will be offered by all parties with respect to both liability and damages.</u>

　　The Defendants will show that the Plaintiff:

　　A.　　Voluntarily quit from his employment at Berkshire Armored Car Services Co., Inc. for a period in excess of one (1) year whereby he lost whatever credit he arguably obtained prior to his rehire. Accordingly, the Plaintiff's benefits with the Profit Sharing Plan were not vested.

　　B.　　The Plaintiff waived and/or released the Defendants when he received a check from Berkshire Armored Car Services Co., Inc. on April 1, 2002.

　　C.　　The Defendants have paid all monies due and owing the Plaintiff that

                were required by Federal law, including ERISA.

        D.       The Plaintiff violated company rules and policies of the Defendant Berkshire Armored Car Services Co., Inc. during and after the Plaintiff's employment at same, thereby causing him to forfeit and/or waive whatever ERISA claims he might have against any of the Defendants.

        E.       The Plaintiff is not entitled to any ERISA benefits from any of the Defendants based on his submitting tally sheets and other documents evidencing his work performance which were knowingly and intentionally overstated. Said overstatement had the effect, among other things, of increasing Plaintiff's salary and/or compensation, which, in turn, increased his alleged pension benefits.

2.     <u>Statement of facts established by the pleadings, by admissions or by stipulation.</u>

None.

3.     <u>Contested issues of fact.</u>

        A.       Whether or not the Plaintiff knowingly and/or intentionally submitted invoices for payment to the Defendants, overstating his hours and/or work product, thereby causing an increase in his compensation, thereby causing an increase in his alleged pension benefits due and owing him by the Defendants.

        B.       Whether or not the Plaintiff accepted monies from the Defendants by check dated April, 2002 for four thousand five hundred dollars ($4,500).

4.     <u>Any jurisdictional questions.</u>

None.

5.     <u>Any questions raised by pending motions.</u>

None.

6.     <u>Issues of law, including evidentiary questions, together with supporting authority.</u>

        A.       Whether or not the Plaintiff's acceptance of the check cashed April 1, 2002, from the Defendant Berkshire Armored Services Co., Inc. Profit

        Sharing Plan, for four thousand five hundred dollars ($ 4,500), constituted a waiver and/or release of any of the Defendants herein, and a defense to the Plaintiff's ERISA claim(s).

    B.    Whether or not the Plaintiff is equitably estopped to deny the validity of the check from Berkshire Armored Car Services Co., Inc. Profit Sharing Plan, for four thousand five hundred dollars ($4,500), cashed April 1, 2002, that it represented a waiver and/or release of all of the Defendants for any claims under ERISA brought by the Plaintiff.

    C.    Whether or not the Plaintiff's knowing and/or intentional submission of documents evidencing his work to the Defendant Berkshire Armored Car Services, Co., Inc. which had the effect of increasing the Plaintiff's compensation; thereby increasing the Plaintiff's alleged pension benefits should deny the Plaintiff's ERISA claim.

7. <u>Any requested amendments to the pleadings.</u>

The Defendant Berkshire Armored Car Services Co., Inc. has amended its name to Reder Enterprises, Inc., by amendment with the Massachusetts Secretary of State's Office dated September 30, 2004.

8. <u>Any additional matters to aid in disposition of the case.</u>

None.

9. <u>The probable length of trial and whether a jury or non-jury.</u>

The Defendants demand a jury trial in this case. The Defendants estimate the length of trial to be two (2) days.

10. <u>A list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony.</u>

    A.    Gerard S. Reder
          477 Holmes Road
          Pittsfield, MA 01201

          Percipient witness of the facts and circumstances surrounding the Plaintiff's employment.

    B.    Eric Reder
          Pittsfield, MA 01201

                Percipient Witness of the facts and circumstances surrounding the Plaintiff's employment.

    C.    James Tulgan - Plaintiff

                Percipient Witness of the facts and circumstances surrounding the Plaintiff's employment.

    D.    Jacqueline Powers
            60 Kenwood Avenue
            Pittsfield, MA 01201

            Percipient witness who will testify to facts and circumstances involving the Plaintiff's employment with the Defendant Berkshire Armored Car Services Co., Inc., as well as matters involving the Plaintiff's participation in the Berkshire Armored Car Services Co., Inc. Profit Sharing Plan.

    E.    Kenneth F. Powers, CPA
            Kuski & Myers PC
            21 Henry Avenue
            Pittsfield, MA 01201

            Will give testimony regarding the irregularity and incorrectness of the Plaintiff's tally sheets, and their resulting effect on his salary and pension benefits, and other documents submitted to Berkshire Armored Car Services Co., Inc. in connection with the determination of his payroll/compensation and resulting pension.

11.    <u>List of the proposed exhibits to be offered at trial by Defendants.</u>

    A.    Berkshire Armored Car Services Co., Inc., Profit Sharing Plan check for four thousand five hundred dollars ($4,500), made payable to James Tulgan, cashed on April 1, 2002.

    B.    Worksheet indicating Plaintiff's employment earnings for the years 1988 through and including 1997.

    C.    Worksheet for Plaintiff for the period July, 1991 through March, 1992.

    D.    Worksheet indicating Federal Reserve Bank of Boston rolled inventory for the years 1991.

E. Kushi and Meyer's income statement for the period January 1, 1991 through September 30, 1991 for Springfield Coin Room of Berkshire Armored Car Services Co., Inc.

F. Kushi and Meyer's income statement for the period January 1, 1990 through September 30, 1991 for Springfield Coin Room of Berkshire Armored Car Services Co., Inc.

G. Berkshire Armored Car Services Co., Inc.'s tally sheet for 1990 Springfield Coin.

H. Springfield Coin rolled inventory dated October 1, 1991.

I. Tally sheet addressed to the Defendant Jacqueline Powers dated October 1, 2001.

J. Distribution explanation sheet, with deposit slip to Legacy Bank, for the period ending June of 2002.

K. Letter to Attorney Michael Hashim, from Lawrence and Pearson, Associates, dated December, 2002, regarding Plaintiff's pension benefits.

L. Handwritten note from Plaintiff regarding split of Berkshire Armored Car Services Co., Inc. Profit Sharing Plan's benefits.

M. Statement of Berkshire Armored Car indicating amounts overpaid to the Plaintiff, for 1990 Springfield Coin.

N. Employee's record master of James Tulgan.

O. Paycheck to James Tulgan dated December 8, 1989 for one thousand four hundred thirty-nine dollars and sixty-three cents ($1,439.63).

P. Unemployment records of Plaintiff dated September 19, 1997.

Q. Various tally sheets for Plaintiff's boxing of rolled coin.

R. Plaintiff's employment application.

S. Handwritten statement by Plaintiff regarding compensation for rolling coin.

T. Berkshire Armored Car Services Co., Inc., Profit Sharing Plan together

with any amendments thereto.

Dated: May 11, 2005

The Defendants,
Berkshire Armored Car Services Co., Inc.
Profit Sharing Plan, Berkshire Armored Car
Services Co., Inc., and Gerard S. Reder.
By their Attorney.

_____
Jack E. Houghton, Jr.
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
B.B.O.# 241040

## CERTIFICATE OF SERVICE

I, Jack E. Houghton, Jr. hereby certify that I have on this 11th of May, 2005 served the within Defendants' Berkshire Armored Services Co., Inc., Berkshire Armored Car Services Co., Inc. Profit Sharing Plan, And Gerard S. Reder Pre-Trial Memorandum, by mailing same to Robert L. Leonard, Esq., Doherty Wallace Pillsbury and Murphy, One Monarch Place, Suite 1900, Springfield, MA 01144, and Jacqueline Powers, 60 Kenwood Avenue, Pittsfield, MA 01201 by first class mail, postage prepaid.

_____
Jack E. Houghton, Jr.