UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 03CV30298-MAP

| | |
|---|---|
| JAMES TULGAN,<br>    Plaintiff<br><br>v.<br><br>BERKSHIRE ARMORED CAR SERVICES CO., INC. PROFIT SHARING PLAN, BERKSHIRE ARMORED CAR SERVICES CO., INC., GERARD S. REDER and JACQUELINE POWERS<br>    Defendants | PLAINTIFF'S PRE-TRIAL MEMORANDUM |

1. <u>Concise statement of the evidence that will be offered by all parties with respect to both liability and damages.</u>

    The Plaintiff contends the only remaining issues are whether the plaintiff was paid the vested amount he was entitled to under the terms of the Defendant Profit Sharing Plan and, if not, what are his damages and who is liable for them.

    The Plaintiff expects the evidence to show the following.

    1. The Plaintiff had a vested interest in the Defendant Profit Sharing Plan;
    2. The Defendants Gerard Reder is a trustee and Berkshire Armored Car Services Co., Inc. is an administrator of the Plan;
    3. The Plan failed to pay the Plaintiff the full amount of his vested benefit when due;
    4. The Defendant Reder misappropriated payments that were due to the Plaintiff from the Plan;
    5. All the Defendants are liable to the Plaintiff for the unpaid benefit and his other damages; and
    6. The Plaintiff is entitled to damages to include the unpaid benefit, interest, costs and attorney's fees from the Defendants.

268475-1

2. <u>Statement of facts established by the pleadings, by admissions or by stipulation.</u>

   The Plaintiff contends the Defendants have admitted:

   1. The Defendant Plan is an employee retirement plan pursuant to ERISA (answer to paragraph 2 of the complaint);

   2. The Defendant Berkshire Armored Car Services, Inc. is the administrator of the Defendant Plan (answer to paragraph 3 of the complaint);

   3. The Defendant Reder is a trustee of the Defendant Plan (answer to paragraph 4 of the complaint)

   4. The Plaintiff had a vested interest in the Plan at termination of $9,381.20 (Reder letter, marked Exhibit 10 to his deposition)

3. <u>Contested issues of fact.</u>

   1. Amount of damages: Plaintiff contends he was not paid the vested amount and is entitled to interest, costs and attorney's fees.

   2. Whether the Plaintiff voluntarily accepted a check in the amount of $4,500 in full payment of the benefit due him from the Defendant Plan. The Plaintiff contends he did not voluntarily accept that amount in full payment.

4. <u>Any jurisdictional questions.</u>

   None.

5. <u>Any questions raised by pending motions.</u>

   None.

6. <u>Issues of law, including evidentiary questions, together with supporting authority.</u>

   Whether the delivery of a check in the amount of $4,500, which the Defendant Reder misrepresented and required the Plaintiff to take under duress, satisfied the Defendants' obligations to pay the Plaintiff his benefit from the Defendant Plan.

7. <u>Any requested amendments to the pleadings.</u>

   None.

268475-1

2

8.  <u>Any additional matters to aid in disposition of the case.</u>

    None.

9.  <u>The probable length of trial and whether a jury or non-jury.</u>

    The Plaintiff demands a jury trial in this case. The Plaintiff estimates the length of trial to be two (2) days.

10. <u>A list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony.</u>

    1.  The Plaintiff James Tulgan

    2.  The Defendant Gerard Reder. Mr. Reder has been deposed and his testimony will be offered by deposition if he is not present.

    3.  Keeper of Records of the Defendants.

11. <u>List of the proposed exhibits to be offered at trial.</u>

    1.  The profit sharing plan marked as Exhibit 3 to Reder deposition.

    2.  Participant statement for James Tulgan marked Exhibit 4 to Reder deposition.

    3.  Letter from Kelly Moen to Gerard Reder dated 10/26/00 marked as Exhibit 5 to Reder deposition.

    4.  Letter from James Tulgan to Gerard Reder dated September 15, 2002 marked Exhibit 8 to Reder deposition.

    5.  Letter from Michael Hashim to Gerard Reder dated October 8, 2002 marked Exhibit 9 to Reder deposition.

    6.  Letter from Gerard Reder to Michael Hashim dated October 21, 2002 marked Exhibit 10 to Reder deposition.

    7.  Letter from Michael Hashim to Gerard Reder dated October 29, 2002 marked Exhibit 11 to Reder deposition.

    8.  Letter from Gerard Reder to Michael Hashim dated October 30, 2002 marked Exhibit 12 to Reder deposition.

    9.  Letter from Michael Hashim to Gerard Reder dated July 6, 2003 marked Exhibit 13 to Reder deposition.

10. Letter from Gerard Reder to Michael Hashim dated January 7, 2003 marked Exhibit 14 to Reder deposition.

11. Letter from Brenda Doherty to Gerard Reder dated April 9, 2003 marked Exhibit 15 to Reder deposition.

12. Letter from Gerard Reder to Brenda Doherty dated April 22, 2003 marked Exhibit 16 to Reder deposition.

13. One page document with photocopy of Berkshire Armored Car Services check number 1109 included in Defendants' document response.

14. Memorandum from Kelly Moen to Eric Reder dated 6/12/02 included in Defendants' document response.

15. Fax transmittal sheet from Scott Lusher to Pam Ganz dated April 25, 2002 included in Defendants' document response.

16. Document with photocopy of Berkshire Armored Car Services Profit Sharing Trust check number 1106 dated 3/28/02 included in Defendants' document response.

17. Fax transmittal sheet from Kelly Moen to Gerard Reder dated June 25, 2001 included in Defendants' document response.

18. Document with photocopy of Berkshire Armored Car Services Profit Sharing Trust check number 1107 dated 3/28/02 included in Defendants' document response.

19. Document of photocopy of Berkshire Armored Car Services Profit Sharing Trust check number 1105 included in Defendants' document response.

20. Berkshire Armored Car Services Profit Sharing Trust distribution of plan bearing date of 7/16/01 included in Defendants' document response.

21. Fax transmittal sheet from Legacy Banks to Pam at Berkshire Armored dated 3/29/04 included in Defendants' document response.

22. Handwritten note dated 1/10/01 included in Defendants' document response.

23. Legacy Bank's statement dated 2/28/02 included in Defendants' document response.

24. Legacy Bank's statement dated 1/31/02 included in Defendants' document response.

25. City Savings statement dated 8/31/01 with attachments included in Defendants' document response.

26. City Savings statement dated 7/1/01 with attachments included in Defendants' document response.

27. City Savings statement dated 5/31/01 with attachments included in Defendants' document response.

28. Berkshire Armored Car Services, Inc. Profit Sharing Plan receipts disbursements 2002 included in Defendants' document response.

29. Legacy Bank's statement dated 3/29/02 with attachments included in Defendants' document response.

30. Letter from Kelly Moen to Pamela Ganz dated January 27, 2003 with attachments included in Defendants' document response.

31. Berkshire Armored Car Services Profit Sharing Plan distributions upon plan termination dated 12/6/00 included in Defendants' document response.

32. Berkshire Armored Car Services Co., Inc. Profit Sharing Plan plan termination undated list of participants included in Defendants' document response.

33. Certificate of resolution dated May 1, 2000 with attached included in Defendants' document response.

The Plaintiff,
By his Attorney,

_____
Robert L. Leonard, Esquire
Doherty, Wallace, Pillsbury
& Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144-1900
Tel: (413) 733-3111
Fax: (413) 734-3910
B.B.O. Number: 294060

## CERTIFICATE OF SERVICE

I, Robert L. Leonard, Esq., hereby certify that on May 13, 2005, I served a copy of the foregoing document on the parties to the case by mailing and faxing a copy of the same postage prepaid to:

Jack E. Houghton, Esq.
78 Bartlett Avenue
Pittsfield, MA 01201

_____
Robert L. Leonard, Esq.

268475-1    6