UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 03CV30298-MAP

| | |
|---|---|
| JAMES TULGAN,<br>           Plaintiff<br><br>v.<br><br>BERKSHIRE ARMORED CAR SERVICES<br>CO., INC. PROFIT SHARING PLAN,<br>BERKSHIRE ARMORED CAR SERVICES<br>CO., INC., GERARD S. REDER and<br>JACQUELINE POWERS<br>           Defendants | JOINT PRE-TRIAL MEMORANDUM |

1. <u>Concise statement of the evidence that will be offered by all parties with respect to both liability and damages.</u>

   The Plaintiff contends the only remaining issues are whether the plaintiff was paid the vested amount he was entitled to under the terms of the Defendant Profit Sharing Plan and, if not, what are his damages and who is liable for them.

   The Plaintiff expects the evidence to show the following.

   1. The Plaintiff had a vested interest in the Defendant Profit Sharing Plan;

   2. The Defendants Gerard Reder is a trustee and Berkshire Armored Car Services Co., Inc. is an administrator of the Plan;

   3. The Plan failed to pay the Plaintiff the full amount of his vested benefit when due;

   4. The Defendant Reder misappropriated payments that were due to the Plaintiff from the Plan;

   5. All the Defendants are liable to the Plaintiff for the unpaid benefit and his other damages; and

   6. The Plaintiff is entitled to damages to include the unpaid benefit, interest, costs and attorney's fees from the Defendants.

268440.1

The Defendants expect to show that the Plaintiff:

A. Voluntarily quit from his employment at Berkshire Armored Car Services Co., Inc. for a period of in excess of one (1) year whereby he lost whatever credit he arguably obtained prior to his rehire. Accordingly, the Plaintiff's benefits with the Profit Sharing Plan were not vested.

B. The Plaintiff waived and/or released the Defendants when he received a check from Berkshire Armored Car Services Co., Inc. on April 1, 2002.

C. The Defendant have paid all monies due and owing the Plaintiff that were required by Federal law, including ERISA.

D. The Plaintiff violated company rules and policies of the Defendant Berkshire Armored Car Services Co., Inc. during and after the Plaintiff's employment at same, thereby causing him to forfeit and/or waive whatever ERISA claims he might have against any of the Defendants.

E. The plaintiff is not entitled to any ERISA benefits from any of the Defendants based on his submitting tally sheets and other documents evidencing his work performance which were knowingly and intentionally overstated. Said overstatement had the effect, among other things, of increasing Plaintiff's salary and/or compensation, which in turn, increased his alleged pension benefits.

2. <u>Statement of facts established by the pleadings, by admissions or by stipulation.</u>

The Plaintiff contends the Defendants have admitted:

1. The Defendant Plan is an employee retirement plan pursuant to ERISA (answer to paragraph 2 of the complaint);

2. The Defendant Berkshire Armored Car Services, Inc. is the administrator of the Defendant Plan (answer to paragraph 3 of the complaint);

3. The Defendant Reder is a trustee of the Defendant Plan (answer to paragraph 4 of the complaint)

4. The Plaintiff had a vested interest in the Plan at termination of $9,381.20 (Reder letter, marked Exhibit 10 to his deposition)

<u>Defendant</u>:

None.

3. Contested issues of fact.

Plaintiff:

1. Amount of damages: Plaintiff contends he was not paid the vested amount and is entitled to interest, costs and attorney's fees.

2. Whether the Plaintiff voluntarily accepted a check in the amount of $4,500 in full payment of the benefit due him from the Defendant Plan. The Plaintiff contends he did not voluntarily accept that amount in full payment.

Defendant:

A. Whether or not the Plaintiff knowingly and/or unintentionally submitted invoices for payment to the Defendants, overstating his hours and/or work product, thereby causing an increase in his compensation, thereby causing an increase in his alleged pension benefits due and owing him by the Defendants.

B. Whether or not the Plaintiff accepted monies from the Defendants by check dated April, 2002 for four thousand five hundred dollars ($4,500).

4. Any jurisdictional questions.

None.

5. Any questions raised by pending motions.

None.

6. Issues of law, including evidentiary questions, together with supporting authority.

Plaintiff's Issues of Law:

Whether the delivery of a check in the amount of $4,500, which the Defendant Reder misrepresented and required the Plaintiff to take under duress, satisfied the Defendants' obligations to pay the Plaintiff his benefit from the Defendant Plan.

Defendant's Issues of Law:

A. Whether or not the Plaintiff's acceptance of a check cashed April 1, 2002, from the Defendant Berkshire Armored Services Co., Inc. Profit Sharing Plan, for four thousand five hundred dollars ($4,500), constituted a waiver

and/or release of any of the Defendants herein, and a defense to the Plaintiff's ERISA claim(s).

B. Whether or not the Plaintiff is equitably estopped to deny the validity of the check from Berkshire Armored Car Services Co., Inc. Profit Sharing Plan, for four thousand five hundred dollars ($4,500), cashed April 1, 2002, that it represented a waiver and/or release of all of the Defendants for any claims under ERISA brought by the Plaintiff.

C. Whether or not the Plaintiff's knowing and/or intentional submission of documents evidencing his work to the Defendant Berkshire Armored Car Services, Co., Inc. which had the effect of increasing the Plaintiff's compensation; thereby increasing the Plaintiff's alleged pension benefits should deny the Plaintiff's ERISA claim.

7. Any requested amendments to the pleadings.

Plaintiff:

None.

Defendant:

The Defendant Berkshire Armored Car Services Co., Inc. has amended its name to Reder Enterprises, Inc., by amendment with the Massachusetts Secretary of State's Office dated September 30, 2004.

8. Any additional matters to aid in disposition of the case.

None.

9. The probable length of trial and whether a jury or non-jury.

The Plaintiff and Defendants demand a jury trial in this case. The Plaintiff and Defendants estimate the length of trial to be two (2) days.

10. A list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony.

Plaintiff:

1. The Plaintiff James Tulgan

2. The Defendant Gerard Reder. Mr. Reder has been deposed and his testimony will be offered by deposition if he is not present.

3.    Keeper of Records of the Defendants.

Defendant:

A.    Gerard S. Reder
477 Holmes Road
Pittsfield, MA 01020

Percipient witness of the facts and circumstances surrounding the Plaintiff's employment.

B.    Eric Reder
Pittsfield, MA 01201

Percipient witness of the facts and circumstances surrounding the Plaintiff's employment.

C.    James Tulgan – Plaintiff

Percipient witness of the facts and circumstances surrounding the Plaintiff's employment.

D.    Jacqueline Powers
50 Kenwood Avenue

11.    List of the proposed exhibits to be offered at trial.

Plaintiff:

1.    The profit sharing plan marked as Exhibit 3 to Reder deposition.

2.    Participant statement for James Tulgan marked Exhibit 4 to Reder deposition.

3.    Letter from Kelly Moen to Gerard Reder dated 10/26/00 marked as Exhibit 5 to Reder deposition.

4.    Letter from James Tulgan to Gerard Reder dated September 15, 2002 marked Exhibit 8 to Reder deposition.

5.    Letter from Michael Hashim to Gerard Reder dated October 8, 2002 marked Exhibit 9 to Reder deposition.

6.    Letter from Gerard Reder to Michael Hashim dated October 21, 2002 marked Exhibit 10 to Reder deposition.

7. Letter from Michael Hashim to Gerard Reder dated October 29, 2002 marked Exhibit 11 to Reder deposition.

8. Letter from Gerard Reder to Michael Hashim dated October 30, 2002 marked Exhibit 12 to Reder deposition.

9. Letter from Michael Hashim to Gerard Reder dated July 6, 2003 marked Exhibit 13 to Reder deposition.

10. Letter from Gerard Reder to Michael Hashim dated January 7, 2003 marked Exhibit 14 to Reder deposition.

11. Letter from Brenda Doherty to Gerard Reder dated April 9, 2003 marked Exhibit 15 to Reder deposition.

12. Letter from Gerard Reder to Brenda Doherty dated April 22, 2003 marked Exhibit 16 to Reder deposition.

13. One page document with photocopy of Berkshire Armored Car Services check number 1109 included in Defendants' document response.

14. Memorandum from Kelly Moen to Eric Reder dated 6/12/02 included in Defendants' document response.

15. Fax transmittal sheet from Scott Lusher to Pam Ganz dated April 25, 2002 included in Defendants' document response.

16. Document with photocopy of Berkshire Armored Car Services Profit Sharing Trust check number 1106 dated 3/28/02 included in Defendants' document response.

17. Fax transmittal sheet from Kelly Moen to Gerard Reder dated June 25, 2001 included in Defendants' document response.

18. Document with photocopy of Berkshire Armored Car Services Profit Sharing Trust check number 1107 dated 3/28/02 included in Defendants' document response.

19. Document of photocopy of Berkshire Armored Car Services Profit Sharing Trust check number 1105 included in Defendants' document response.

20. Berkshire Armored Car Services Profit Sharing Trust distribution of plan bearing date of 7/16/01 included in Defendants' document response.

21. Fax transmittal sheet from Legacy Banks to Pam at Berkshire Armored dated 3/29/04 included in Defendants' document response.

22. Handwritten note dated 1/10/01 included in Defendants' document response.

23. Legacy Bank's statement dated 2/28/02 included in Defendants' document response.

24. Legacy Bank's statement dated 1/31/02 included in Defendants' document response.

25. City Savings statement dated 8/31/01 with attachments included in Defendants' document response.

26. City Savings statement dated 7/1/01 with attachments included in Defendants' document response.

27. City Savings statement dated 5/31/01 with attachments included in Defendants' document response.

28. Berkshire Armored Car Services, Inc. Profit Sharing Plan receipts disbursements 2002 included in Defendants' document response.

29. Legacy Bank's statement dated 3/29/02 with attachments included in Defendants' document response.

30. Letter from Kelly Moen to Pamela Ganz dated January 27, 2003 with attachments included in Defendants' document response.

31. Berkshire Armored Car Services Profit Sharing Plan distributions upon plan termination dated 12/6/00 included in Defendants' document response.

32. Berkshire Armored Car Services Co., Inc. Profit Sharing Plan plan termination undated list of participants included in Defendants' document response.

33. Certificate of resolution dated May 1, 2000 with attached included in Defendants' document response.

Defendants:

A. Berkshire Armored Car Services Co., Inc., Profit Sharing Plan check for four thousand five hundred dollars ($4,500), made payable to James Tulgan, cashed on April 1, 2002.

B. Worksheet indicating Plaintiff's employment earnings for the years 1988 through and including 1997.

C. Worksheet for Plaintiff for the period July, 1991 through March, 1992.

D. Worksheet indicating Federal Reserve Bank of Boston rolled inventory for the years 1991.

E. Kushi and Meyer's income statement for the period January 1, 1991 through September 30, 1991 for Springfield Coin Room of Berkshire Armored Car Services Co., Inc.

F. Kushi and Meyer's income statement for the period January 1, 1990 through September 30, 1991 for Springfield Coin Room of Berkshire Armored Car Services Co., Inc.

G. Berkshire Armored Car Services Co., Inc.'s tally sheet for 1990 Springfield Coin.

H. Springfield Coin rolled inventory dated October 1, 1991.

I. Tally sheet addressed to the Defendant Jacqueline Powers dated October 1, 2001.

J. Distribution explanation sheet, with deposit slip to Legacy Bank, for the period ending June of 2002.

K. Letter to Attorney Michael Hashim, from Lawrence and Pearson, Associates, dated December, 2002, regarding Plaintiff's pension benefits.

L. Handwritten note from Plaintiff regarding split of Berkshire Armored Car Services Co., Inc. Profit Sharing Plan's benefits.

M. Statement of Berkshire Armored Car indicating amounts overpaid to the Plaintiff, for 1990 Springfield Coin.

N. Employee's record master of James Tulgan.

O. Paycheck to James Tulgan dated December 8, 1989 for one thousand four hundred thirty-nine dollars and sixty-three cents ($1,439.63).

P. Unemployment records of Plaintiff dated September 19, 1997.

Q. Various tally sheets for Plaintiff's boxing of rolled coin.

R. Plaintiff's employment application.

S. Handwritten statement by Plaintiff regarding compensation for rolling coin.

T. Berkshire Armored Car Services Co., Inc., Profit Sharing Plan together with any amendments thereto.

Dated: May 17, 2005

| | |
|---|---|
| The Plaintiff,<br>By his Attorney,<br><br>*/s/ Robert L. Leonard*<br>Robert L. Leonard, Esquire<br>Doherty, Wallace, Pillsbury<br>   & Murphy, P.C.<br>One Monarch Place, Suite 1900<br>Springfield, MA 01144-1900<br>Tel: (413) 733-3111<br>Fax: (413) 734-3910<br>B.B.O. Number: 294060 | The Defendants,<br>By their Attorney,<br><br>*/s/ Jack E. Houghton*<br>Jack E. Houghton, Jr., Esq.<br>78 Bartlett Avenue<br>Pittsfield, MA 01201<br>Tel: (413) 447-7385<br>Fax: (413) 445-4296<br>BBO # 241040 |